Filed 9/19/25  P. v. Bratcher CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>HASSAN LEE BRATCHER,<br><br>        Defendant and Appellant. | A170429<br><br>(Alameda County<br>Super. Ct. No. 17-CR-012238) |

## I.  MEMORANDUM OPINION[1]

A jury found Hassan Lee Bratcher guilty of kidnapping and raping a pregnant woman with disabilities, and the trial court sentenced him to 25 years to life in state prison.  In a prior appeal, we affirmed the judgment but remanded for a hearing to correct errors in Bratcher's probation report. (*People v. Bratcher* (June 14, 2022, as modified July 1, 2022, A159493) [nonpub. opn.].)  In this appeal, Bratcher claims the errors in his probation report were not fully corrected, and he is now entitled to resentencing per an amendment to Penal Code section 654.[2]

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] Undesignated statutory references are to the Penal Code.

The People concede that the trial court corrected errors in the criminal history section of Bratcher's probation report but failed to correct other sections of the report that incorporate the same errors. They urge, however, that the issue is forfeited because Bratcher's counsel agreed to certain corrections but failed to advise the court of additional errors. We will consider the issue despite any forfeiture, especially since Bratcher objected that he was not permitted to review the proposed corrections before the court made its order. Ultimately, we again remand the matter for the court to correct remaining inaccuracies in the probation report and thus avoid the risk that lingering errors might impact future prison and parole determinations.[3]

Bratcher claims he is also entitled to resentencing. The trial court sentenced him pursuant to section 654, which prohibits punishing crimes arising from a single, indivisible course of conduct " 'under more than one provision' of law." (*People v. Midell* (Aug. 28, 2025, A168758) ___ Cal.App.5th ___ [2025 WL 2476475, at *14].) At the time, section 654 required the court to impose punishment "under the provision that provide[d] for the longest potential term of imprisonment." (Former § 654, subd. (a).) Effective January 1, 2022, Assembly Bill No. 518 (2021–2022 Reg. Sess.) modified section 654 to allow an act punishable by two different provisions of law to be punished under *either* provision; the longer term is no longer mandatory. The parties agree that because Bratcher's conviction is not final, he is eligible

---

[3] When probation is denied, the probation report is forwarded to the California Department of Corrections and Rehabilitation (CDCR). (§ 1203, subd. (b)(3).) The probation report is then used by CDCR for classification and assessment of a defendant's risk on release and his conditions of parole. (Cal. Code Regs., tit. 15, §§ 3075.1, subd. (a)(3), 3375, subd. (j)(3); *In re Young* (2012) 204 Cal.App.4th 288, 294 [probation report considered by Board of Parole Hearings].)

for resentencing in light of this ameliorative change.  (*People v. Jones* (2022) 79 Cal.App.5th 37, 45.)

Nevertheless, on this record, we agree with the People that remand is unwarranted because the trial court's "definitive statements" during sentencing "clearly indicate it would not impose a lesser sentence under any circumstances."  (*People v. Lynch* (2024) 16 Cal.5th 730, 770–777.)  Before pronouncing its sentence, the court told Bratcher: "You have zero recognition of what you are here for today.  And it's clear to me you have no recognition.  You have no remorse.  There's no understanding.  And that's just where we are."  The court imposed "the greater sentence" applicable to Bratcher's crimes per section 654, emphasizing that the 25-year-to-life sentence was "appropriate in this case."  Given that sentence, the court recognized it "d[id]n't need to . . . find circumstances in aggravation."  But it did anyway, to support imposition of an aggravated sentence for kidnapping:  The court found Bratcher's crime involved great violence against a vulnerable victim; Bratcher engaged in violent conduct "indicating a serious danger to society" and "complete disregard of the law. . . . Just complete disregard"; he had numerous prior convictions of increasing seriousness, was on parole when the charged crime was committed, and performed unsatisfactorily on parole; and no mitigating circumstances applied.  (Cal. Rules of Court, rule 4.421(a)(1) & (3), (b)(1), (2), (4), & (5).)[4]  The court declined to order treatment, which it

_____

[4] While the court initially said Bratcher was previously imprisoned for rape, counsel corrected that statement and the court adopted the correction, explaining that in the prior case, Bratcher was found not guilty of rape and was instead sentenced for false imprisonment.  The court made it clear that "4.421(b)(1) . . . still applie[d]" because Bratcher's convictions were of increasing seriousness.  Bratcher's argument that sentencing was tainted by the incorrect information in the probation report accordingly lacks merit.  His argument that sentencing was tainted by the court's reliance on a later-

3

judged would "have no effect" on Bratcher.  On this record, it is clear the court would not impose a lower sentence under the current version of section 654.

## II.  DISPOSITION

The matter is remanded for the limited purpose of permitting the trial court to correct any remaining inaccuracies in Bratcher's probation report.  In all other respects, the judgment is affirmed.

---

downgraded risk assessment in the probation report is forfeited: Bratcher fails to explain what, specifically, changed about the assessment and how that change would have impacted the court's reasoning.  (*Oakland Unified School Dist. v. Public Employment Relations Bd.* (2025) 112 Cal.App.5th 725, 763 [failure to present reasoned argument to support a claim of error forfeits the claim on appeal].)

_____

Smiley, J.


WE CONCUR:


_____

Humes, P.J.


_____

Banke, J.


*People v. Bratcher*  A170429


5